IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIGAH DARNELL, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-363-A |
| | § | |
| DEE ANDERSON, SHERIFF, | § | |
| TARRANT COUNTY, TEXAS, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Eligah Darnell, Jr., is petitioner and Dee Anderson, Sheriff, Tarrant County, Texas, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On June 10, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("proposed FC&R"), and ordered that the parties file objections, if any, thereto by June 30, 2008. Petitioner filed his objections, and respondent has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United</u>

States v. Raddatz, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The magistrate judge concluded that the petition should be dismissed as a successive petition filed without authorization from the United States Court of Appeals for the Fifth Circuit. See 28 U.S.C. § 2244(b)(1). Petitioner admits that he filed previous § 2254 petitions and makes no specific objections to the magistrate's proposed FC&R. Instead, he reargues the original ground on which his petition is based: because the first petition was dismissed on procedural grounds as time barred, there was no adjudication on the merits, and therefore subsequent petitions cannot be considered successive. The Supreme Court cases petitioner cites do not support his proposition and are distinguishable from the instant action. See Slack v. McDaniel, 529 U.S. 473 (2000)(holding that a habeas petition, previously dismissed for failure to exhaust state remedies, and subsequently refiled as to the previously unexhausted claims, is not a successive petition); Stewart v. Martinez-Villareal, 523 U.S. 637 (1998)(death penalty prisoner's claim that he was insane and could not be executed was unripe until a warrant was issued for

his execution, and a subsequent request for consideration of an unripe claim was not a successive petition). Neither of these circumstances is present in the instant action. As the proposed FC&R states, dismissal of a habeas petition for limitations is a determination on the merits, and any subsequent petition must meet the stringent requirements of 28 U.S.C. § 2244(b). See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); see also Villanueva v. U.S., 346 F.3d 55, 61 (2d Cir. 2003)(holding that a habeas petition that is dismissed as time barred constitutes an adjudication on the merits for determining if a second petition is successive).

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, dismissed pursuant to 28 U.S.C. § 2244(b)(1).

SIGNED July 7, 2008.

JOHN McBRYDE
United States District Judge